IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 2 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DALE YOST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 07cv1131 |
| | ) JUDGE LEFKOW |
| CITY OF CHICAGO, CHICAGO POLICE | ) MAG. JUDGE COLE |
| OFFICERS RICHARD DORONIUK, Star #5667, | ) |
| MAHMOUD SHAMAH, Star #11476, | ) |
| H. REMIASZ, Star #9017, and | ) |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) **JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, DALE YOST, through his attorneys, A Law Office of Christopher R. Smith, Jared S. Kosoglad and Christopher R. Smith, and for his Complaint against defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS RICHARD DORONIUK, Star #5667, MAHMOUD SHAMAH, Star #11476, H. REMIASZ, Star #9017, and UNKNOWN CHICAGO POLICE OFFICERS, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for (1) conducting the affairs of various enterprises, including the City of Chicago, Chicago Police Department, Tenth District, and Special Operations Section, through a pattern of racketeering activity against the plaintiff; (2) for depriving plaintiff, while acting under color of law as Chicago Police Officials and City Officials, of rights secured by the Constitution and laws of the United States; (3) for related

1

State-law claims; and (4) for the City of Chicago's widespread policies and practices that caused the plaintiff various injuries.

## JURISDICTION

2. This action is brought pursuant to 18 U.S.C. §§ 1961, *et. seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and pursuant to 42 U.S.C. §§ 1983, 1985, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

## PARTIES

3. Plaintiff is a citizen of the United States who currently resides in Chicago, Illinois.

4. Defendants Chicago Police Officers Richard Doroniuk, Star #5667, Mahmoud Shamah, Star #11476, H. Remiasz, Star #9017, and Unknown Chicago Police Officers, collectively the "Officer Defendants," were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants. At all times relevant hereto, all defendants were acting under color of the statutes, ordinances,

2

regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

## FACTS

6. On October 7, 2006, Dale Yost returned to his home in the evening. A police officer came out of Dale's side door with his gun drawn. The officer made verbal and physical threats to Dale.

7. Dale entered his home, where three police officers had been illegally searching the residence. Officers claimed they found crack/cocaine in Dale's home.

8. Officers placed Dale under arrest. Dale did not know why he was being arrested. Officers demanded that Dale produce a pistol and a big-time drug dealer.

9. Officers falsely charged Dale with possession and intent to deliver over 40 grams of cocaine. Dale possessed no cocaine.

10. Dale spent multiple weeks in custody.

11. At his first court date, Dale learned the charges against him were dismissed.

12. The officer defendants conspired and agreed amongst themselves to burglarize the home of Dale Yost, and to falsely charge Dale Yost with crimes they knew he did not commit. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiff's arrest and injuries. Dale was charged with possession of over 40 grams of cocaine.

13. On October 31, 2006, the State of Illinois dismissed the charges against Dale by nolle prosequi, indicative of Dale's innocence. Prior to Dale's release, the State of Illinois

3

brought charges against defendant officers for criminal conduct similar to that alleged in this Complaint.

14. As a direct and proximate result of the malicious actions of the coconspirators, Dale was injured, including the loss of his freedom, loss of property, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorney's fees, and extreme emotional distress.

15. The City of Chicago, its officials, Chicago Police Department, its officials, Special Operations Section, its officers, and the defendant officers engaged in a pattern of racketeering activity, as defined by 18 U.S.C. Section 1961, including but not limited to kidnapping, robbery, interference with commerce by threats and violence, witness intimidation, witness retaliation, influencing, delaying, and preventing testimony, hindering, delaying, and preventing the communication of federal offenses to law enforcement agencies and judicial officers, and conspiring to do the same.

### Count I

**18 U.S.C. Section 1961 *et. seq.* – Racketeer Influenced and Corrupt Organizations**

1-15. Plaintiffs reallege paragraphs 1 through 15 above, as if fully set forth here.

16. The racketeering enterprises in this cause are the City of Chicago, Chicago Police Department, and Special Operations Section thereof, in which the defendant officers and other unknown officials and officers used their official positions to illegally commit a pattern of racketeering activity, including but not limited to kidnapping, robbery, obstruction of justice, intimidation of witnesses, retaliation against witnesses, interference with commerce by threats

4

and violence, influencing, delaying, and preventing testimony, and hindering, delaying, and preventing the communication of federal offenses to law enforcement agencies and judicial officers, as detailed more fully throughout this Complaint.

17. As detailed above, the individual defendants and other as of yet unknown officials and officers conducted and participated in the conduct of the City of Chicago, Chicago Police Department, and Special Operations Section through a pattern of racketeering activity, and conspired amongst themselves and others unnamed to do the same.

18. As a direct and proximate result of the racketeering violations described above, plaintiffs were injured in their business and property, including but not limited to attorney's fees, lost wages and employment, tangible property, privacy, and physical injuries.

19. The individual defendants are employed by and associated in fact with said enterprises, the City of Chicago, Chicago Police Department, and Special Operations Section.

20. The individual defendants, while acting individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, directly and indirectly, conducted and participated in the affairs of the City of Chicago, Chicago Police Department, and Special Operations Section, through a pattern of racketeering activity, as is more fully described throughout this Complaint.

WHEREFORE, plaintiffs demand judgment against the individual officers, jointly and severally for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual officers, jointly and severally, for treble damages in an amount in excess of THREE MILLION DOLLARS

5

($3,000,000.00), and further demands attorneys' fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count II

### 42 U.S.C. Section 1983 – False Imprisonment

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned Dale Yost without probable cause or any other justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

17. As a direct and proximate result of these Constitutional violations, Dale was caused to suffer great pain, anguish, despair, loss of freedom, loss of property, and other mental suffering.

WHEREFORE, Dale Yost demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count III

### 42 U.S.C. Section 1983 — Illegal Search and Seizures

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

6

16. The search and seizure of Dale Yost's person, property, and home as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of Dale Yost's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

17. As a proximate result of the above-detailed actions of defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the Plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, caused damage to his property, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Officer Defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count IV

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City

of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Cline, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the infliction of physical and psychological intimidation onto the citizens of the City of Chicago in violation of the United States Constitution.

17. The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) the denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons by Chicago Police Officers;

(b) mental abuse, oral abuse, and oral assaults by Chicago Police Officers;

(c) the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by officers;

(d) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(e) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(f) the willful, wanton, and deliberately indifferent failure to train, supervise, and

discipline police officers in regards to unconstitutional and criminal misconduct;

(g) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers

(h) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

(i) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

(j) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss;

18. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

19. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of Plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 16 of this Complaint.

20. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of Plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

21. As a proximate result of the above-detailed actions of the defendants and City of

Chicago policy makers, Plaintiff was injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, and physical injuries. In addition, the violations proximately caused the Plaintiff great humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHERFORE, Plaintiff demands judgment against the defendants for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

### Count V

### 745 ILCS 10/9-102

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. Defendant City of Chicago is the employer of all police officer defendants.

17. The Officer Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the individual officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count VI

### False Arrest — State Claim Against City and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Dale Yost on false charges for which they knew there was no probable cause.

17. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

18. As a direct and proximate result of the false arrest, Dale Yost was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

WHEREFORE, plaintiff Dale Yost demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## Count VII

### Malicious Prosecution — State Claim Against City and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Dale Yost on false charges for which they knew there was no probable cause.

17. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

18. As a direct and proximate result of the malicious prosecution, Dale Yost was damaged, including the value of his lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff Dale Yost demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## Count VIII

### Intentional Infliction of Emotional Distress Against City and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

17. Defendants performed the acts detailed above with the intent of inflicting severe

emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

18. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

19. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff Dale Yost seeks judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

DALE YOST

By: _____
One of their attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.
Jared S. Kosoglad
Christopher R. Smith
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400